Opinion issued June 13, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-01155-CV

____________


DOROTHY WILSON, INDIVIDUALLY, DOROTHY WILSON, AS NEXT
FRIEND OF VICTOR WILSON AND DOROTHY WILSON, AS
ADMINISTRATRIX OF THE ESTATE OF VICTOR WILSON, Appellant


V.


BILLY LIDE, INDIVIDUALLY AND D/B/A LIDE TANK COMPANY, BOBBY
LIDE, INDIVIDUALLY AND D/B/A LIDE TANK COMPANY, AND LIDE TANK
COMPANY, Appellees


****


ANGEL OLGUIN, Appellant


V.


BILLY LIDE, INDIVIDUALLY AND D/B/A LIDE TANK COMPANY, BOBBY
LIDE, INDIVIDUALLY AND D/B/A LIDE TANK COMPANY, AND LIDE TANK
COMPANY, Appellees


****


TRAVELERS INDEMNITY COMPANY AND ITS SUBSIDIARIES, Appellants


V.


BILLY LIDE, INDIVIDUALLY AND D/B/A LIDE TANK COMPANY, BOBBY
LIDE, INDIVIDUALLY AND D/B/A LIDE TANK COMPANY, AND LIDE TANK
COMPANY, Appellees






On Appeal from the 165th District Court

Harris County, Texas

Trial Court Cause No. 98-47398






O P I N I O N

 According to information provided by the trial court clerk, this is an appeal
from a summary judgment signed on March 29, 2000. Three groups of appellants
filed notices of appeal in April 2000. This appeal was not assigned to this Court until
November 27, 2001. See Tex. Gov't Code Ann. § 22.202(h) (Vernon 1988). No
record has been filed. In a March 7, 2002 letter, the trial court clerk advised this
Court:

There is no longer anything in this case to appeal. We have been unable
to contact the attorney. We contacted Jesse in your Court in January as
to how we should proceed on this matter, but we have received no
instruction as of yet.


Only appellant Wilson has paid the appellate filing fee of $125. Only appellant
Wilson has filed a motion to dismiss, which states there is no longer an issue in
controversy between the parties and the case is moot.

 On April 25, 2002, the Court issued an order stating in pertinent part that
unless, within 30 days of the date of the order, the parties to the appeal demonstrated
that there was a live controversy among them as to the merits of the appeal, the appeal
would be dismissed. The existence of an actual controversy is essential to the
exercise of appellate jurisdiction. See Hallmark Personnel of Texas, Inc. v. Franks,
562 S.W.2d 933, 935 (Tex. App. -Houston [1st Dist.] 1978, no writ).

 No appellant has responded to this Court's order of April 25, 2002. 
Accordingly, the appeal is dismissed as moot. We no longer have jurisdiction over
the appeal.

 Those appellants who have not paid the filing fee of $125 are ordered to do
so within 10 days of the date of this opinion.

PER CURIAM

Panel consists of Justices Mirabal, Taft and Smith. (1)

Do not publish. Tex. R. App. P. 47.

1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals,
First District of Texas at Houston, participating by assignment.